IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE LAMAR HILL, <br> (AIS #: 138707) <br><br> Plaintiff, <br><br> vs. <br><br> GARY HETZEL, *et al.*, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION NO.13-00135-KD-B <br> * <br> * <br> * <br> * |

**REPORT AND RECOMMENDATION**

Plaintiff Bruce Lamar Hill commenced this action by filing a complaint alleging violations of 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* (Docs. 1, 2). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**I. Background Facts**

Hill, an Alabama inmate who is preceding *pro se*, commenced this action on March 19, 2013[1] while confined at the Holman

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's complaint is deemed filed on the date it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F.3d 1339, 1340-41 (11th Cir. 1999); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

1

Correctional facility. Hill's original complaint was illegible; thus, the Court ordered him to refile his complaint. (Doc. 3). Subsequent thereto, Hill notified the Court that he was transferred from the Holman facility to the Donaldson facility in May 24, 2013. (Doc. 4). On July 11, 2013, Hill filed an amended complaint, which is now before the Court on review. (Doc. 6).

**II. Analysis**

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when

his next action is filed. Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324, (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger, . . .under section 1915(g) . . .."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

The Court has taken judicial notice of its records, which reveal that Hill has filed at least three cases that have been dismissed as frivolous or for failure to state a claim upon which relief could be granted, namely: Hill v. Thomas, et al, Case No. 1:02-cv-00892-BH-D (Southern District of Alabama); Hill v. Richie, et al, Case No. 4:01-cv-00666-UWC -RRA (Northern District of Alabama) (see Doc. 38 a 6-7); and Hill v. Weaver,

Case No. 1:08-cv-00448-KD-C (Southern District of Alabama).[2] Thus, Hill's current filing comes squarely within the ambit of 28 U.S.C. § 1915(g), which precludes him from filing the instant action *in forma pauperis* unless he is "under imminent danger of serious physical injury."

In this action, Hill claims that while housed at the Holman facility, he was in fear of his life. Specifically, Hill contends that upon his transfer to the Holman Correctional Facility on February 14, 2013, he learned that Wardens Hetzel and Strickland were replacing the then current warden at Holman,

---

[2] In fact, it appears that Hill has filed at least seventeen (17) additional 1983 lawsuits, the majority of which have been dismissed as frivolous or due to the fact that the defendants were entitled to judgment as a matter of law. See Hill v. Barnes, et. al., 2:07-cv-00266-WKW-WC (Middle District of Alabama); Hill v. Jones, et. al., 2:97-cv-01305-SCP-RRA (Northern District of Alabama); Hill v. Richie, et. al., 4:01-cv-00666-UWC-RRA Northern District of Alabama); Hill v. Hooks, et. al., 4:03-cv-00959-RBP-RRA (Northern District of Alabama); Hill v. Burton, et. al., 4:92-cv-02820-ELN-RRA (Northern District of Alabama); Hill v. Sanderson, et. al., 4:94-cv-00322-RBP-RRA (Northern District of Alabama); Hill v. Quest Care Inc., et. al., 4:94-cv-01221-RBP-RRA (Northern District of Alabama); Hill v. James, et. al., 4:95-cv-01879-ELN-RRA (Northern District of Alabama); Hill v. McGowan, et. al., 4:99-cv-03188-WMA-RRA (Northern District of Alabama); Hill v. Excipher, et. al., 4:05-cv-01995-RDP-RRA (Northern District of Alabama); Hill v. Taylor, et. al 2:09-cv-01820-JHH-RRA (Northern District of Alabama); Hill v. Hetzel, et. al., 2:10-cv-00154-WMA-RRA (Northern District of Alabama); Hill v. Thomas, et. al., 1:02-cv-00892-BH-D (Southern District of Alabama); Hill v. Weaver, et. al., 1:08-cv-00448-KD-C (Southern District of Alabama); Hill v. Bishop, et. al., 1:11-cv-00620-WS-C (Southern District of Alabama). See also Hill v. Binder, et. al., 2:10-cv-00597-KOB-JHE (Northern District of Alabama) (appointed counsel).

Warden Patterson. (Doc. 6 at 4). According to Hill, he is currently in civil litigation with both Hetzel and Strickland as a result of their failure to protect him from an attack that they witnessed while he was housed at the G. K. Fountain Correctional Facility. (Id.).

Hill further avers that on February 14, 2013, Officer Norman advised him that "things have changed here you wont (sic) be going to the law library because he already kn[e]w" that Hill had filed "the pending lawsuit" against Hetzel and Strickland. (Id., at 4, 8). Hill contends that he subsequently filed a complaint with Kim Thomas, the Commissioner of the Alabama Department of Corrections, and requested "to be placed in protective custody and transferred" because he "fear[ed] for his life" due to Hetzel and Strickland and the officers under their supervision. Hill contends that he made an identical request to Wardens Hetzel and Capt. Strickland, but was provided no relief. (Id., at 5, 6).

According to Hill, he had a verbal confrontation with Officer Norman and was sent to "Lock up". Hill contends that he went on a hunger strike, and on February 26, 2013, while en route to the infirmary, he was attacked by guards because he requested permission to retrieve his "legal work". (Id., at 9-10). Hill asserts that Officer Russell Johnson and another

5

unknown officer slammed his face into the floor, and choked him. (Id.). Hill contends that his left eye was burst open, and he experienced severe bleeding and swelling to his face and head. (Id., at 10). He further contends that he now experiences "spells of losing his balance", severe back and neck pain that causes him to "wear a back brace", severe migraines, and that his hypertension has "escalated to a maximum from the insomnia, flash backs, nightmares, panic states, and anxiety." (Id.). As noted *supra*, Hill filed the instant action nearly three weeks later, on March 19, 2013, and he was transferred to Donaldson Correctional Facility, two months later, on May 24, 2013. (Doc. 4).

"Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (holding that "the statute's use of the present tense verbs 'bring' and 'is' demonstrates, an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of filing. Allegations that the prisoner has faced imminent danger in the past are insufficient

6

to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan.")); see also Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.").

The Court finds that accepting Hill's assertions as true, they are not sufficient to establish that he was under "imminent danger of serious physical injury" at the time he filed this action. His allegations speak of harms that occurred *before* he filed his complaint, and do not sufficiently address the "imminent danger of serious bodily injury" requirement. His assertions with respect to "imminent danger," as presented, are conclusory at best. Indeed, although Hill was directed to file an amended complaint because his original complaint was not legible, he has not proffered any facts that reflect that he was in imminent danger of serious bodily injury during the nearly three weeks between the alleged attack, and the filing of his complaint. Further, the record reflects that Hill was subsequently transferred to another facility[3]. As a result, any

---

[3] The Alabama Department of Corrections' records confirm that only a few weeks after the filing of the instant complaint, on May 24, 2013, Hill was transferred to Donaldson Correctional Facility. Subsequent thereto, Hill was transferred to St. Clair

"imminent danger of serious bodily injury" at the hands of the named Defendants under the circumstances described in the amended complaint has been eliminated. Thus, this case should be dismissed because Hill is not entitled to proceed *in forma pauperis* under §1915(g) on this complaint wherein he is essentially seeking to redress past harms. Owens v. Schwartz, 519 Fed. App'x 992 (11th Cir. 2013) (finding that where an inmate was transferred out of the facility *after* the filing of his complaint, even assuming he had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed); Williams v. Tillman, 2013 U.S. Dist. Lexis 89420 (S.D. Ala. June 25, 2013) (finding that where inmate who alleged his life was in danger at the Easterling Correctional Facility was transferred to another facility within two weeks *after* filing his complaint, he could not establish that he was in "imminent danger" at the time he filed his complaint and was thereby not entitled to proceed *in forma pauperis* under §1915(g)).

As noted *supra*, "[i]n this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so

---

Correctional Facility, where he is currently under the supervision of a new warden, Carter Davenport.

warrants dismissal without prejudice." Doss v. Henry, 2008 U.S. Dist. LEXIS 109706 (N.D. Fla. Dec. 12, 2008); Dupree, 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Hill did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that Hill's Motion to Proceed Without Prepayment of Fees (Doc. 2) be **DENIED,** and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g)[4].

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28

---

[4] In light of this recommendation, Hill's request for appointment of counsel and motion to certify class are deemed moot. (Doc. 7).

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **23rd** day of **January, 2014.**

                                          **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**